

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROYAL ALLIANCE ASSOCIATES, INC., | No. 16-56468 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02379-PA-AFM |
| v. | |
| LORELEI MOONEY, as trustee and on behalf of the Herbert and Helen Schweiger Trust dated November 5, 2002; ROBERT SCHMIEDEKE, an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 29, 2017
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,**
Chief District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Royal Alliance Associates, Inc. ("Royal") appeals the district court's grant of Lorelei Mooney and Robert Schmiedeke's ("Claimants") Motion to Compel Arbitration. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand to the district court for entry of judgment in Royal's favor.

The Financial Industry Regulatory Authority ("FINRA") requires members to arbitrate disputes with their customers. The sole question on appeal is whether the Claimants are "customers" of Royal for purposes of FINRA Rule 12200. This is a question of fact that we review for clear error. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014).

Claimants' allegations arise out of real estate securities that were purchased by their trusts. Although Claimants first opened their accounts with United Securities Alliance, Inc. ("United"), they allege that they are entitled to arbitration because all of United's customer accounts were transferred to Royal pursuant to a 2007 contract. The purchase agreement is ambiguous as to whether United transferred Claimants' accounts to Royal, and Claimants produced no evidence beyond the words of the contract that their accounts were ever transferred from United to Royal.

As the parties seeking to compel arbitration, Claimants bore the burden of

showing that a valid agreement to arbitrate existed.  Because Claimants failed to

carry that burden, we reverse and direct entry of judgment for Royal.

**REVERSED AND REMANDED.**